MARJORIE THURSTON v. NORTHERN COOPERATIVES, INC., AND ANOTHER.

236 N. W. 2d 175.

December 5, 1975—No. 45511.

*Abrams & Spector* and *John J. Horvei,* for relator.
*Fitch & Johnson* and *Victor Johnson,* for respondents.

PER CURIAM.

Employee seeks review of a decision of the Workmen's Compensation Commission denying her benefits for continuing temporary total disability. Employee challenges the commission's finding that her disability is not causally related to a personal injury sustained in the course of her employment.

Employee fell at work on January 4, 1968, fracturing her vertebra at D-5. She was able to return to full employment within a week and worked steadily until June 1971. Employee has not worked since June 26, 1971.

On November 17, 1972, employee filed a claim petition for benefits for a disability allegedly arising out of the fall of 1968. No claim was made for temporary total disability in that petition. The compensation judge awarded her benefits for a 25-percent permanent partial disability of the back. This decision was not appealed to the commission.

A second petition, which is the subject of this appeal, was filed on August 16, 1973, seeking benefits for continuing temporary total disability beginning June 26, 1971. The compensation judge found that employee had sustained a permanent aggravation of an osteoarthritic condition in her spine when she fell in 1968, resulting in temporary total disability after December 8, 1972. The commission in a unanimous decision reversed the finding of causation and denied benefits.

On appeal employee argues that under principles of res judicata the commission could not review the findings of causation between the fall, aggravation of the osteoarthritic condition, and subsequent disability. The permanent partial disability found on the first petition was attributed to soft tissue injury and a fractured vertebra in the dorsal spine. The role the fall may have played in an arthritic condition, which became disabling almost 5 years later, raises different questions of causation.

We have carefully reviewed the record and testimony and conclude that the commission's findings were supported by substantial evidence. Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971).

Affirmed.